[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

It also appears that two other boats and a brig had attempted to tow the wreck in, but had been compelled to abandon it. The crew of the pilot boat numbered fourteen, all told. The value of the schooner, as she lies, is considered by her owners to be about $1,000, and the value of the cargo about $3,000. The pilots have expended in the service, and in taking care of the wreck, the sum of $160.

Upon these facts, I shall award to the salvors fifty per cent. of the value of the property saved, to which I add $100 and the costs, because of the circumstance that the salvors started out in search of the wreck, and continued the search until it was found.

## Case No. 12,413.

### SAXONVILLE MILLS v. RUSSELL.

[1 Lowell, 450; 11 Int. Rev. Rec. 207.] [1]

Circuit Court, D. Massachusetts. May, 1870.

CUSTOMS DUTIES — WOOL ENCLOSED IN HIDES — METHOD OF COMPUTING COST.

By the act of March 2, 1867 [14 Stat. 471], certain foreign wools were, upon their importation, to pay a duty of three cents per pound if their value were twelve cents or less at the last port "whence exported to the United States, excluding charges at such port." Wool of this class cost less than twelve cents per pound in Buenos Ayres, whence it was imported, and was packed in hides which were of precisely the same value as the wool; and the bales were paid for in Buenos Ayres at their gross weight, including the hides, which were an article of value in the market here; *held*, the appraisers ought not to include the hides in their gross estimate of cost, and then to exclude their weight in ascertaining the cost of the wool per pound.

Assumpsit [by the Saxonville Mills against Thomas Russell, collector] to recover back duties paid under protest. The case was heard on an agreed statement of facts as follows:—

The plaintiff company in this case, in April and June, 1868, imported into the port of Boston, from Buenos Ayres, two hundred and sixty-three packages of Cordova wool. This wool was entered at the Boston customhouse during the months of April, May, and June, 1868, and all of these entries for the purposes of this case, may be treated as one and the same entry. A copy of one of the invoices is hereto annexed, all of them being substantially the same. This wool was in bales, formed of green hides. It was bought in the market of Buenos Ayres in the same condition as when entered here. The wool and hides were weighed together, and the plaintiff paid less than twelve cents per pound for the gross weight, and it was so stated in the invoice. Under the tariff law in force at the date of these importations, wool of this class, if of the value of twelve cents or less per pound, was liable to a duty

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission. 11 Int. Rev. Rec. 207, contains only a partial report.]

of three cents per pound. If of the value of more than twelve cents per pound, it was liable to a duty of six cents per pound. This wool was sent to the appraiser's office for appraisement. Previous to this, under date of April 9, 1868, the secretary of the treasury had issued a letter of instructions in regard to the appraisement of Cordova wool, of which the following is a copy: "The packing or baling Cordova wool in hide covers is not to be excluded in ascertaining the dutiable value under act of congress of March 2, 1867. On arriving into the United States, the usual allowance is made for tare, and the specific duty is assessed upon the net weight of the wool. The act of March 2, 1867 [14 Stat. 471], directs that the value of wools, for the purpose of determining the rate of duty to be found 'at the last port or place whence exported to the United States, excluding charges in such port.' It is therefore clear that the packing or baling in hide covers as above stated not having been done in such port, is not to be excluded in ascertaining the dutiable value. The net pounds of wool, divided into the aggregate cost or value thereof, including the baling prior to the receipt at the last port of exportation, will give the number of cents per pound, by which the rate of duty should be determined."

The appraiser at Boston, acting under this instruction, after examining the wool according to law, took the gross weight in the invoice and deducted from it the estimated weight of the hides that formed the bales, and divided the amount thus found into the gross cost stated in the invoice, which gave more than twelve cents per pound, and he thereupon reported to the collector that the wool was liable to a duty of six cents per pound. The defendant thereupon assessed upon this wool a duty of six cents per pound, amounting to ten thousand six hundred and forty-four dollars and thirty cents ($10.644.30), which the plaintiff paid under protest, a copy of which is hereto annexed. Plaintiff appealed to the secretary of the treasury in due time, who sustained the defendant, and in due time the plaintiff brought this suit to recover the excess of duty paid, amounting to five thousand three hundred and twenty-two dollars and fifteen cents ($5,322.15), being the difference between three and six cents per pound upon the quantity of wool in question. Previous to the letter of the secretary quoted, wool of this class and value had paid a duty of three cents per pound at this port. By the custom of trade, Cordova wool in Buenos Ayres can be, and is, bought in bulk, or in bales, as the purchaser prefers. The price per pound of the wool is the same whether bought in bulk or in bales; the hides being generally of the same value as the wool, the seller, when the wool is sold in the bales, receiving the same price per pound for his hides as for his wool; and after this wool is received here and unpacked, the hides are sold in the market to dealers. The wool in question did not

of itself, without the hides, cost in Buenos Ayres the gross amount stated in invoice, and when the packings, i. e., the hides forming the bales, were removed, was not of said value. If the court, upon the facts, shall hold that the wool was subject to a duty of three cents per pound, then judgment shall be entered for plaintiff for five thousand three hundred and twenty-two dollars and fifteen cents ($5,322.15) in gold, with interest and costs; otherwise, judgment for defendant for costs.

M. E. Ingalls, for plaintiffs.

This wool is dutiable by the act of March 2, 1867 (14 Stat. 559), of which the part important in this case is, "Upon wools of the third class, the value whereof at the last port or place whence exported to the United States, excluding charges in such port, shall be twelve cents or less per pound, the duty shall be three cents per pound. Upon wools of the same class, the value whereof at the last port or place, &c., shall exceed twelve cents per pound, the duty shall be six cents per pound." The last port was Buenos Ayres, and the case finds that the wool was worth less than twelve cents at that port. We can recover: (1) Because the cost of baling is one of the charges at Buenos Ayres. (2) Because in ascertaining dutiable value, if the cost of the packages is to be included, its weight must likewise be included in dividing the weight by the price to arrive at the cost per pound. See Harding v. Whitney [Case No. 6,052] per Clifford, J., where the packing is included when it works against the importer; and we are entitled to the same rule when it works in our favor.

J. C. Ropes, Asst. Dist. Atty., for defendant.

1. The cost of the hides was properly included in estimating the cost of the wool, Act July 28, 1866, § 9 (14 Stat. 330), unless they are part of the charges in Buenos Ayres. The charges include only those expenses which are incurred after the purchase of the goods, and before and including the shipment. Grinnell v. Lawrence [Id. 5,831]; Barnard v. Morton [Id. 1,005]; Warren v. Peaslee [Id. 17,198]; Gant v. Peaslee [Id. 5,212]. The baling, in this case, was done before the purchase, and perhaps before the wool arrived at Buenos Ayres.

2. In ascertaining value the defendant simply made the usual allowance for tare, as directed by Act July 14, 1862 (12 Stat. 558).

LOWELL, District Judge. The general rule, as established by the statutes for finding dutiable value, is to take the value in the principal markets of the country of exportation, and to add the charges incurred to get the goods on board ship. The cost of packing is sometimes one of these charges, as in Barnard v. Morton [Case No. 1,005]. In other instances it forms a part of the price of the article, being itself of no value, as in Harding v. Whitney [Case No. 6,052]. Either way it

is commonly a part of the dutiable value of the goods. This statute, however, excludes the charges at the last port, and I am much inclined to think that it is to be fairly inferred from the agreed facts that the baling is one of those charges. This point is not perfectly clear upon the evidence, and I therefore pass to the next.

Assuming that the cost of the article as bought included the cost of the hides, I am of opinion that the weight of the hides ought not to be rejected in ascertaining what the wool cost per pound. The allowance for tare in assessing specific duties, is made for the very purpose of avoiding the injustice of requiring taxes to be paid on what is of no value, and stands on the same reason as the like allowance between buyer and seller. Here there was no such allowance between the parties, because the covering was of equal value with its contents. If the weight of the covering is rejected as tare, the government loses the duty on an article of value. It is true that in this particular instance the government would gain more than it would lose; but the rule must be uniform, and I apprehend that a shrewd importer might easily work such a rule to the great injury of the revenue. There is no question here of fraud, or of putting a fictitious value on the coverings in order to lessen the nominal value of the wool. The case finds that the wool whether baled or unbaled was worth less than twelve cents a pound, and that the additional cost of the wool when baled was due to the intrinsic value of the hides, and not to the expense of putting them on.

Under these circumstances the collector ought to assess the hides for their appropriate duty as articles of merchandise, but not, at the same time, to reject them as tare. Or if the importers do not object, it is easier and of some advantage to the revenue, to follow the former practice of assessing the whole as wool. Judgment for the plaintiffs.