BEFORE THE FIRST DIVISION, JANUARY 3, 1939

**No. 40277.**—Protest 933627–G of Donald E. Sharp (New York).

SULLIVAN, Judge: This protest arises by reason of our decision and judgment in *Daniel E. Sharp* v. *United States*, Abstract 33380, 69 Treas. Dec. 1179.

In that case the merchandise was described on the invoice as lighthouse apparatus. It was found by the appraiser to be articles of glass used as parts of lanterns for use in connection with artificial illumination. The invoice further described it as "One 3rd Order 3-panel 216° Flashing Lens, including a chromium plated metal reflector." It was claimed in the protest dutiable at 40 percent ad valorem under paragraph 226 or at 35 percent and 10 cents per dozen pairs or at 35 percent under paragraph 226. In our decision (Abstract 33380, *supra*), we followed *United States* v. *Faunce*, 21 C. C. P. A. 80, T. D. 46395, the record of which was incorporated, and held as follows:

Following that authority we hold that the flashing lens in question is properly dutiable at 10 cents per dozen pairs and 35 per centum ad valorem under paragraph 226.

The plaintiff has not attempted to dispute the collector's action with reference to the chromium-plated metal reflector accompanying this lens; therefore, the collector's classification thereof, although apparently erroneous, will stand.

The protest is sustained to the extent indicated as to the "3rd Order 3-panel 216° Flashing Lens" referred to in the invoice. It is overruled in all other respects.

The plaintiff by the present protest (933627–G) claims as follows:

We claim that your (the collector's) reliquidation of January 7, 1937, was erroneous under the judgment of the United States Customs Court in that duty was assessed at 60% ad valorem upon an assumed value of $765.00 purported to

represent the value of the mirrors or reflectors, instead of the equivalent in U. S. dollars of £14–0–0, the actual value of said mirrors or reflectors for duty purposes.

The difference between the total entered and appraised value and the equivalent in U. S. dollars of £14–0–0 should be assessed for duty at 35% ad valorem and 10¢ per dozen pairs under Par. 226 of the Tariff Act of 1930, and the difference in duty refunded.

By amendment to the protest the following claim was added:

We claim further that the reliquidation of January 7, 1937, was erroneous, illegal, and void, on the ground that the said reliquidation was based upon an invalid appraisement; that the appraisement was based upon the lens and reflector as an entirety; that the lens and reflector should be separately appraised; and that the entry and invoice should be sent to the appraiser for valid appraisement.

When the case was called for trial on October 3, 1938, it was submitted by both sides on the record.

The appraiser has filed two answers to this protest. Both are untimely under section 515 of the Tariff Act of 1930, having been filed after the expiration of the ninety-day limit allowed to the collector within which to review his decision, are therefore without validity, and are not part of the record.

Accompanying the protest is a letter from the collector of customs at the port of New York to the Assistant Attorney General, dated December 11, 1937, in which the collector says:

Our reliquidation was made pursuant to United States Customs Court judgment order 604049–G of 2/24/36, the subject of which was the correct rate of duty on certain lenses. As the value of the lenses was not shown separately on the invoice, it was referred to the Appraiser for separation of values, which that officer reported as follows:

Value of reflector 1/3 of value or ($765.00).
Value of lenses 2/3 of value or ($1,530.00).
Duty was assessed on the basis of these values.

We find the exact invoice description and price stated on the invoice as follows:

|  | Total invoice price |
|---|---|
| One 3rd Order, 3-panel, 2160 Flashing Lens, including a chromium plated metal reflector | 581 11 8 |

Then follow some items of "double packing cases," "Carriage to Liverpool," and "consular fees," which bring the total of the invoice to £607 10s. 0d.

Below that is the following:

Net value of goods including cases and packing_____ £603–0–2.

According to the collector's figures the value of the entirety stated in United States currency, would be $2,295, and of this one-third is apportioned to the reflector, or $765, and two-thirds to the lenses, or $1,530.

The invoice indicates that Chance Bros. & Co., Limited, of Smethwick, Birmingham, England, are the manufacturers of the merchandise at bar. There is among the papers a letter dated September 3, 1937, nearly six years after the date of the invoice, addressed to plaintiff's attorneys by Bailey & Sharp Co., Inc., to the effect that the manufacturers have given the following detailed values of this merchandise:

|  | Pounds | Shillings | Pence |
|---|---|---|---|
| Lens | 593 | 10 | 0 |
| Metal Mirrors | 14 | 0 | 0 |
|  | 607 | 10 | 0 F. O. B. |

This information was received in response to a cablegram to the manufacturers, dated March 3, 1936. This letter is not in evidence, nor is it part of the official record.

It will be observed from the original protest that it is the *value* of the reflectors that is in dispute; the valuation placed thereon by the appraiser being $765, and the plaintiff claiming that the *value* thereof should be "the equivalent in U. S. dollars of £14," or about $53, figured at about $3.80 to the pound sterling, which appears to be the rate, or about the rate, used by the appraiser.

We do not find any proof that £14 is the proper valuation of the reflectors, rather than $765.

In the annexed protest claim is made that the reliquidation "was erroneous, illegal, and void, on the ground that the said reliquidation was based upon an invalid appraisement." Proof has not been introduced to sustain this allegation.

The classification of this merchandise is not before the court. It is solely a question of value.

The merchandise was entered as an entirety. The appraiser, prior to the first liquidation, had made one appraisement of the merchandise at the entered value of the entirety, and had not separated the value of the reflector from the value of the lenses.

The plaintiff claims in its brief that upon receiving the judgment of the court in the *Sharp* case, Abstract 33380, *supra*, the collector should have returned the papers to the appraiser for a valid appraisement, but instead of doing so asked the appraiser to give a separate *value* for the reflector, which he did. The collector had not the power to direct the appraiser to make a second appraisement. Such power, under section 501 of the Tariff Act of 1930, lies with the Customs Court after a written appeal for reappraisement has been decided in plaintiff's favor.

We said in *European Agencies Co., Inc.* v. *United States*, Abstract 26760, 65 Treas. Dec. 1244:

It is well settled that the appraiser can make but one appraisement, and cannot by a later return modify or change the amount or character of his original appraisement. Citing *Stahel* v. *United States* (T. D. 43315).

T. D. 43315 was our decision in *E. P. Stahel & Co.* v. *United States*, 55 Treas. Dec. 570, where it was held that an error in appraisement was not a proper subject of protest, and overruled the protest as to claim of error in appraiser's *original* valuation of the merchandise. We said:

In the case of *United States* v. *Dorn & Co.* (13 Ct. Cust. Appls. 130, T. D. 40961), involving the same paragraph of the act of 1922 (1109), the facts were on all fours with those in the case at bar, and the Court of Customs Appeals held that the appraiser can make but one appraisement and can not by a later return to the collector, nor by answer to a protest, modify or change the amount or character of his original appraisement. *If it was incorrect, the remedy is by appeal to reappraisement.* [Italics ours.]

It does not appear, however, that the action of the appraiser in this case was an appraisement. The matter was merely referred to the appraiser by the collector for a "separation of values." The appraiser rendered a *decision* thereon to the effect that the value of the reflector was one-third the value of the entirety of $765, and the value of the lenses, two-thirds thereof, of $1,530. Even if this was not an *appraisement* it was at least a *decision*, and the following is what section 501 of the Tariff Act of 1930 says about decisions of appraisers:

The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court * * *.

Of course this protest is against the collector's reliquidation, but the basis of the claim that said reliquidation was erroneous is that the appraisement or decision of the appraiser was invalid. The basis of the protest is therefore the decision of the appraiser as to the separation of the values of the component parts of the entirety in question. As is stated in the defendant's brief—

The plaintiff's real complaint consists of the fact that it is aggrieved because a value for the reflector has been found which the plaintiff believes to be too high. Litigation on such an issue cannot take place in a protest but only under an appeal for reappraisement. * * * In the absence of such appeal for reappraisement the decision of the appraiser on the respective values of the lenses and the reflector is now final and conclusive.

What is before the court now is a protest in which claim is made that the reliquidation is void because based upon an alleged invalid appraisement. Inasmuch as the validity of the alleged appraisement, or decision of the appraiser, is not before the court, and if it was there is not any evidence to support such alleged illegality, we must overrule the protest.

The protest is overruled. Judgment accordingly.

### CONCURRING OPINION

BROWN, Judge: I concur upon the ground that the separation of values by the appraiser on January 4, 1937, to conform to the mandate of this court, amounted to an appraisement within the view of our court of appeals as expressed for action in such circumstances in *United States* v. *Murphy & Co.*, 16 Ct. Cust. Appls. 461, T. D. 43210, and *United States* v. *John Wanamaker*, 20 C. C. P. A. 381, T. D. 46185, provided the importer had actual notice or knowledge thereof.

That he did, seems clear from the fact that he filed his present protest on March 5, 1937, which was within the sixty days in which he could have appealed to reappraisement to test the amounts of such separation between the two articles as made by the appraiser on instructions from the collector in order to conform to the mandate of this court in Abstract 33380, 69 Treas. Dec. 1179.