UNITED STATES v. STEGEMANN (No. 2367).[1]

APPRAISEMENT.

It is the function of the appraiser, not the collector, to determine the unit market value of imported merchandise.—Customs Regulations 1915, sections 584 and 586; paragraph M, Section III, tariff act of 1913. Such appraisement is final and conclusive in the absence of an appeal to reappraisement; and any appraisement by the collector, being void, is not attended by the legal presumption of correctness of official action. Gelatin in sheets was appraised at above 10 and not above 25 cents per pound. The collector, using this report as the basis of an erroneous computation, determined a market value of more than 25 cents per pound, and levied duty accordingly at 25 per cent, instead of 15 per cent ad valorem, under paragraph 34, tariff act of 1913. Such action by the collector was void.

United States Court of Customs Appeals, May 5, 1924.

APPEAL from Board of United States General Appraisers, Abstract 46404.

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General, for the United States.
*Comstock & Washburn (George J. Puckhafer* of counsel) for appellee.

[Oral argument April 10, 1924, by Mr. Hoppin.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

SMITH, Judge, delivered the opinion of the court:

The collector at the port of New York classified certain imported merchandise as gelatin in sheets valued *above* 25 cents per pound.

---

[1] T. D. 40179.

The importation was therefore assessed for duty at 25 per cent ad valorem under the provisions of that part of paragraph 34 of the tariff act of 1913, which reads as follows:

34. Gelatin * * * valued above 25 cents per pound, 25 per centum ad valorem.

The importer protested that the gelatin was dutiable at 15 per cent ad valorem under that part of said paragraph which reads as follows:

34. Gelatin * * * valued above 10 cents per pound and not above 25 cents per pound, 15 per centum ad valorem.

On the hearing before the board the importer introduced in evidence a special report of the appraiser, which report, in so far as material to the case, is. as follows:

The merchandise is described on the invoice as gelatin (plaques) and consists in fact of gelatin in sheets valued above 10 and not above 25 cents per pound. It was returned for duty at 15 per cent ad valorem under par. 34.

F. J. H. KRACKE, *Appraiser.*
Ex. WALLACE.  J. H. A.

No evidence other than the papers and the report of the appraiser was submitted by the Government or by the importer.

The Board of General Appraisers sustained the protest and the Government appealed.

The Government contends that as it was the duty of the collector to classify the merchandise and to determine its *dutiable* value his classification and finding of value must prevail, against the report of the appraiser.

It is unquestionably the duty of the collector to classify merchandise and to add to the appraised value thereof certain costs, and charges in order to make dutiable value. The collector has no power, however, to appraise merchandise or to determine its unit market value. That is the duty of the appraiser and his action is final and conclusive in the absence of an appeal to reappraisement.—Customs Regulations, 1915, sections 584 and 586; paragraph M, Section III, act of 1913.

The appraiser appraised the merchandise and officially reported to the collector that the merchandise did not exceed in value 25 cents per pound. That appraisement was disregarded by the collector as a controlling factor in determining the classification of the goods, and he evolved by an independent calculation of his own a unit of value higher than the maximum unit of value found by the appraiser. To accomplish that result he multiplied 4,565 pounds, the gross weight, by 25 cents per pound, the maximum unit of value found by the appraiser, and then divided the gross value thus ascertained by 4,485 pounds, the net weight, thereby securing an extra-legal unit of value greater than 25 cents per pound. Apparently,

therefore, the collector accepted the appraiser's maximum unit for the determination of gross value, but refused to recognize it as determinative of the duty which should be applied to the goods.    If the collector was dissatisfied with the appraisement he had a right to appeal to reappraisement, but he had no right to review the appraiser's finding or to make a new appraisement.

The appraisement furnished to the collector in the language of the statute the data necessary for the classification of the goods and for the ascertainment of the particular rate of duty applicable to the merchandise.    Having failed to appeal to reappraisement the collector should have accepted that appraisement as finally determinative of the classification of the goods and should have assessed duties under paragraph 34 in accordance with the minimum and maximum values found by the appraiser.

The judgment of the Board of General Appraisers is *affirmed*.