UNITED STATES *v.* DORN & CO. (No. 2499)[1]

1. APPRAISEMENT NOT AMENDABLE.

The appraiser can make but one appraisement. Neither his later return to the comptroller of customs nor his answer to the protest can be regarded as an appraisement, nor can they modify or change the amount or character of the appraisement already made by him.

2. APPRAISEMENT—CALCULATION OF UNIT VALUE FOR GOODS DUTIABLE AT DIFFERENT RATES ACCORDING TO VALUE.

Woolen fabrics, dutiable under paragraph 1109, Tariff Act of 1922, at a rate depending upon value per pound, were entered as 894 pounds, at a value of $715.20, plus $8 for containers. The entered value was approved by the appraiser. The collector divided the appraised value, $723.20, by the weight, and classified the goods according to the value per pound thus found. His action was correct.

---

[1] T. D. 40961.

United States Court of Customs Appeals, June 3, 1925

APPEAL from Board of United States General Appraisers, G. A. 8877 (T. D. 40446)

[Reversed.]

*William W. Hoppin*, Assistant Attorney General (*Ralph Folks*, special attorney, of counsel), for the United States.

*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel) for appellees.

[Oral argument Mar. 30, 1925, by Mr. Hoppin and Mr. Isenschmid]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

On November 27, 1922, the importer made a consumption entry at the port of New York, the material parts of which were as follows:

|  | Entered value | Rate | Duty |
|---|---|---|---|
| Two cases woolen felts | $715.20 | | |
| Add for containers | 8.00 | | |
|  | $723.20 | | |
| Over 50¢ lb. not over $1.50 lb | | 35% P. 1112 | $253.05 |
| Lbs. 894 | | 27¢ lb | 241.38 |
|  | | | $494.43 |

The abbreviation "P" followed by the figures 1112 in the above entry manifestly relates to paragraph 1112 of the act of 1922 under which importer doubtless thought the merchandise should be classified. The rate of 27 cents per pound and 35 per centum also above indicated, are the rates provided for in said paragraph 1112 for felts valued at more than 50 cents but not more than $1.50 per pound.

Shortly thereafter the examiner examined the importations, approved the entered value of $723.20, and recommended an advance in the rate, all which was approved December 12, 1922, by the appraiser. The invoice which accompanied the entry stated the price of the felts to be 80 cents per pound, aggregating $715.20, and the total value of the containers, $8. Written upon the face of the invoice are the words, "Importer adds for containers, add. $8.00." As appears upon the face of the invoice in red ink, the classification as a woven fabric under paragraph 1109 and the assessment of duty at the rate of 37 cents per pound and 50 per centum ad valorem was suggested or recommended by the appraiser.

Paragraph 1109 provides, among other things, for—

woven fabrics weighing more than four ounces per square yard, wholly or in chief value of wool * * * valued at more than 60 cents but not more than 80 cents per pound, 37 cents per pound and 50 per centum ad valorem; valued at more than 80 cents but not more than $1.50 per pound, 45 cents per pound upon the wool content thereof and 50 per centum ad valorem; * * *

The report of the collector, transmitted with the papers in the case to the Board of General Appraisers, stated that the merchandise consisted of fabrics weighing more than 4 ounces per square yard wholly or in chief value of wool; that it was invoiced at 80 cents per pound; that at the time of making the entry the importers made an addition for value for certain containers, making the entered and appraised value more than 80 cents per pound; and that duty was assessed at 45 cents per pound and 50 per centum ad valorem under paragraph 1109.

The importers seasonably protested this assessment, but in this court they do not object to the classification under paragraph 1109.

On July 10, 1923, in a so-called answer to the protest, the appraiser advised the collector that the merchandise was found to be woven fabrics weighing over 4 ounces per square yard, valued between 60 and 80 cents per pound, composed wholly of wool. On the back of the appraiser's return and in answer to the inquiry of the comptroller of customs the appraiser stated, under date of March 12, 1923, that the value of the merchandise was 80 cents per pound.

The Board of General Appraisers sustained the protest upon the theory that, in *United States* v. *Stegemann,* decided May 5, 1924, 12 Ct. Cust. Appls. 198, T. D. 40179, this court had intended to depart from the rule previously declared in *United States* v. *Francklyn,* 4 Ct. Cust. Appls. 54, T. D. 33306, and in *United States* v. *Hirsch, Stein & Co.,* 8 Ct. Cust. Appls. 121, T. D. 37126.

The importer contends that section 500 of the act of 1922, providing among other things, that merchandise shall be appraised in the unit of quantity in which it is usually bought and sold, construed in connection with section 503, which prescribes that, whenever merchandise is subject to an ad valorem rate or to a duty based upon or regulated in any manner by the value thereof, duty shall be assessed upon the value returned by the appraiser, general appraiser, or Board of General Appraisers, as the case may be, requires the collector to assess duty in this case upon the theory that the fabric is valued at not more than 80 cents per pound; in other words, that such is the unit value thereof as returned by the appraiser to the collector.

The Government in substance contends that the value returned by the appraiser was $723.20; that this was the entered value; and that the collector properly apportioned the same to the net weight of the imported goods to ascertain the unit value thereof, in accordance with the rule adopted in the Francklyn and Hirsch, Stein & Co. cases, supra. If this contention be sound, the collector's assessment must be sustained.

The Board of General Appraisers misinterpreted our decision in the Stegemann case. As appears by the opinion therein, the appraiser ascertained and returned the unit value. The collector, however,

multiplied such unit value by the number representing the gross weight of the importation in pounds, and then divided the resulting product by the net weight of the gelatin, thereby arriving at a new unit value greater than that returned by the appraiser. The effect of this exercise in mathematics by the collector was to regard the difference between the gross and net weights, some 80 pounds, as gelatin for one purpose but not for another, whereas the *value* of whatever constituted the 80 pounds, presumably coverings or containers, was the only thing which could be considered by him in any event.

No such state of facts was involved in either the Francklyn or the Hirsch, Stein & Co. case, or is in the case at bar.

In this case we are unable to find that the appraiser has appraised the unit value of the merchandise. He has accepted and adopted as his appraisal the value at which the goods were entered, which was $723.20.

There is no claim that the appraisement here is invalid for any reason and there is no doubt that the appraisement was made not later than December 12, 1922, when the appraiser approved the action of the examiner.

The appraiser can make but one appraisement. Neither his later return to the comptroller of customs nor his answer to the protest can be regarded as an appraisement, nor can they modify or change the amount or character of the appraisement already made by him.

Under the facts here, the only thing the collector could do, in the absence of an appeal to reappraisement, was to ascertain the value per pound of the fabrics by dividing the number representing the appraised value thereof, $723.20, by the number representing the net pounds of the importation. This he did and thereby it was ascertained that the value per pound was more than 80 cents. Upon that basis he assessed the specific and ad valorem rates provided in paragraph 1109.

The collector's assessment was therefore correct, and the judgment of the Board of General Appraisers must be, and is hereby, *reversed.*