(C. D. 985)

WHITTAKER, CLARK & DANIELS, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 20, 1946)

*Lane, Young & Fox* (*William H. Fox* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges; EKWALL, J., concurring in the result

KEEFE, Judge: The controversy arising in this case concerns the unit of weight used by the collector in determining whether the merchandise is properly assessable under paragraph 209 of the Tariff Act of 1930, or under the amendment thereto in the trade agreement made between the United States and Canada, T. D. 49752. Duty was assessed upon the merchandise at 35 per centum ad valorem under paragraph 209. The plaintiff claims that the merchandise is valued at not more than $14 per ton and is therefore properly dutiable at only 17½ per centum ad valorem under paragraph 209, by virtue of said trade agreement.

It was stipulated and agreed between counsel for both sides as follows:

1. That the merchandise in question invoiced as "2688 paper bags Talc Powder 710 A improved—each bag 50 lbs.—134400 lbs. gross—tare ½ lb. per bag—1344 lb.—total 133056 lbs. net", which was assessed with duty at 35% under paragraph 209, Tariff Act of 1930, consists of powdered talc imported in paper bags; and that said talc is not a toilet preparation.

2. That said talc in paper bags is purchased abroad at a gross price in its packed condition and accordingly is invoiced at a gross unit price of U. S. $24.50 per 2000 lbs. gross weight, C. & Fr. N. Y.

3. That said unit price includes the cost of the packing (paper bags), and the costs of all other charges as invoiced.

4. That the gross weight of 134400 lbs., as invoiced, includes the weight both of the talc and of the paper bags in which the talc was imported.

5. That the cost of said bags, as invoiced, is a dutiable charge, and that the costs of all other charges as invoiced are non-dutiable charges. While all of said costs are included in the invoiced unit price, the invoice also shows the separate amounts of said costs.

6. That in computing the total estimated dutiable value of said talc in bags as finally entered, the importer used the invoiced unit price of $24.50 per 2000 lbs. gross weight, and the invoiced gross weight of 134400 lbs., of said merchandise, and did not make any deduction for tare—the weight of the paper bags—from

said invoiced gross weight. The said total entered value includes certain voluntary additions to make market value in the amount of U. S. $220.80, and Manchukuo Yuan $80.30.

7. That said talc in bags was appraised by the appraiser on the gross weight thereof, at the invoiced unit price of U. S. $24.50 per 2000 lbs. gross weight, subject to all dutiable and non-dutiable charges as invoiced and entered, plus the voluntary additions to make market value made by the importer, i.e. appraised as entered.

8. That the gross landed weight of said talc in bags, as reported by the official United States weigher, is 135368 lbs.; and that said weight includes 1344 lbs. of paper bags. ·

9. That the total dutiable value of said talc in bags, as computed by the collector in accordance with the appraised value thereof, is $842.00, and that said value was determined by him without making any deduction for tare—the weight of the paper bags—from the gross landed weight of said talc in bags as reported by the said official United States weigher.

10. That in computing the total dutiable value of the talc in bags the collector used the official gross landed weight of said talc in bags (135368 lbs.), and the ton of 2000 pounds, for the reason that said talc in bags was appraised at a gross unit price per 2000 pounds, on the basis of gross weight for net weight, and was not appraised on a net weight of talc.

11. That in computing the value per ton of the talc for the purpose of determining the rate of duty applicable thereto under paragraph 209, Tariff Act of 1930, as modified by the trade agreement with the Dominion of Canada (T. D. 49752), the collector used the net landed weight of the talc 134024 lbs., the long ton of 2240 lbs., and the total dutiable value of $842.00 as determined by him from the official gross landed weight of the talc and bags and the appraised value thereof. The net landed weight of 134024 lbs. was obtained by deducting the tare weight of the paper bags (1344 lbs.) from the said official gross weight of the importation (135368 lbs.)

12. That if the short ton of 2000 lbs. is the proper unit of weight to be used in finding the value per ton of the powdered talc imported in this case, for the purpose of determining the rate of duty applicable thereto, said talc is valued at less than $14. per ton, regardless of whether the gross landed weight, or the net landed weight, of the talc, is the proper weight to be used in making the computation to find the value per ton.

13. That if the long ton of 2240 lbs. is the proper unit of weight to be used in finding the value per ton of the powdered talc imported in this case, for the purpose of determining the rate of duty applicable thereto, said talc is valued at more than $14. per ton, if the net landed weight of the talc is the proper weight to be used in making the computation, but at less than $14. per ton if the gross landed weight of the talc is the proper weight to be used in making the computation, to find the value per ton.

14. That if the gross landed weight is the proper weight to be used in finding the number of tons of powdered talc imported in this case, to find the value per ton thereof, for the purpose of determining the rate of duty assessable thereon, under said paragraph 209, said talc is valued at less than $14. per ton, whether of 2000 lbs., or of 2240 lbs.

15. That if the net landed weight is the proper weight to be used in finding the number of tons of powdered talc imported in this case, to find the value per ton thereof, for the purpose of determining the rate of duty assessable thereon, under said paragraph 209, said talc is valued at more than $14. per ton of 2240 lbs., but at less than $14. per ton of 2000 lbs.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Paragraph 209 of the Tariff Act of 1930, provides in part as follows:

PAR. 209. Talc * * * powdered * * * 35 per centum ad valorem; * * *.

The Tariff Act of 1930, as amended by the Canadian Trade Agreement, T. D. 49752, provides as follows:

| Tariff Act of 1930; paragraph | Description of article | Rate of duty |
|---|---|---|
| 209 | Talc * * * powdered * * * (except toilet preparations), valued at not more than $14 per ton | 17½% ad val. |

The Revised Statutes, § 2951, 12 Stat. 196, is taken from section 26 of the Tariff Act of March 2, 1861, and provides as follows:

Sec. 26. *And be it further enacted,* That wherever the word "ton" is used in this act, in reference to weight, it shall be deemed and taken to be twenty hundred weight, each hundred weight being one hundred and twelve pounds avoirdupois.

In Synopsis of Decisions, Treasury Department, 1870, page 76, T. D. 599, provides as follows:

*A tariff ton is 2,240 pounds*

Wherever the word "Ton" is used in the tariff acts, it should be construed to be twenty hundred weight, each hundred weight being one hundred and twelve pounds avoirdupois.—Letter to Edward Young, Esq., Bureau of Statistics, March 9, 1870.

In Synopsis of Decisions, Treasury Department, 1883, page 511, T. D. 5933, provides as follows:

*The Ton of the Tariff Acts*

TREASURY DEPARTMENT, *October 4, 1883.*

SIR: In reply to your letter of the 21st ultimo, you are informed that, under Department's ruling of March 9, 1870 (Synopsis 599), the word "ton" wherever used in the tariff acts should be construed to be the ton "avoirdupois"—that is, 2,240 pounds.

Hay is, therefore, dutiable at the rate of $2 per ton of 2,240 pounds weight (T. I., new, 273).

Very respectfully,

H. F. FRENCH,
*Assistant Secretary.*

COLLECTOR OF CUSTOMS, *Plattsburg, N. Y.*

In the case of *The Miantinomi,* 17 Fed. Cas. 254, 256, the court held, as reported in Words and Phrases, volume 41, under the definition of the word "ton," as follows:

When parties contract for any material by weight, using terms that have come to us from the past with a different meaning, such as "ton," which had commonly been regarded as meaning 2,240 pounds, the mere fact that a State has undertaken to regulate weights and measures, and in discharge of such office has fixed the ton at 2,000 pounds, will not dispense with an obligation to furnish the old measure. When the ton is used to represent, for convenience or calculation, 2,000 pounds, the contract should, and usually does, so state it as per ton of 2,000 pounds, or

per ton neat; but as coal and other cheap and heavy articles have never been sold by the pound as a unit for calculating its price, but by the ton, convenience of calculation has never required, nor has custom sanctioned, any reform, so called, or any change in the amount so represented by this suit.

The plaintiff claims that since the collector ascertained the total dutiable value on the basis of the gross landed weight in units of 2,000 pounds, the unit value per ton for rate purposes must be ascertained from the same basis of weight. That is to say, the plaintiff contends the collector erred; first, when he used the net landed weight to obtain the rate value, and second, when he used the unit of 2,240 pounds to the ton to determine such value.

From the foregoing history of the "tariff ton" and the common meaning of the word "ton" as announced in "*The Miantinomi,*" *supra*, it would seem clear that the collector followed the law in adopting 2,240 pounds, or the so-called "long ton," as the ton weight to be used in determining whether or not the talc in question was valued at not more than $14 per ton. It would not be reasonable to assume that it was the intention of Congress, when enacting section 26, *supra*, that the 2,240-pound ton would prevail, except when merchandise was appraised in units of 2,000 pounds.

The question remaining is whether or not the collector acted lawfully when, to determine the value per ton for rate purposes, he divided the total dutiable value by the net quantity of long tons landed in the United States rather than by the gross quantity.

The plaintiff concedes the correctness of the total dutiable value of $842, as found by the collector in the liquidation of the entry; that the official gross landed weight is the proper weight to be used as a basis in determining the total dutiable value of the importation; and that the use of the short ton of 2,000 pounds by the collector in computing the total value is in accordance with the appraisement of the merchandise.

Section 315 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, provides the basis for assessment of duties as follows:

* * * Insofar as duties are based upon the quantity of any merchandise, such duties shall, * * * be levied and collected upon the quantity of such merchandise at the time of its importation.

The quantity of the merchandise, to wit, talc, is returned by the United States weigher as 134,024 pounds, net weight. That is the quantity of merchandise actually imported, and the only quantity upon which duties lawfully may be based.

Although the invoice notes that the talc is valued at $24.50 per ton of 2,000 pounds, that is not the amount paid for the merchandise *per se.* The invoice shows that the total value is equal to a multiplication of the gross weight by the unit price. The appraiser returned

such price as applying to the gross weight rather than the net weight. The price as returned by the appraiser when applied to the net landed weight would not properly reflect the *per se* unit price of the merchandise including the charges. When applied to the net weight, the price of $24.50 would be increased to approximately $24.998 per unit of 2,000 pounds. In other words, the unit price, as appraised, multiplied by the gross weight, is equal to a sum derived from a multiplication of the net weight and an increased unit price per 2,000 pounds. The paper bag coverings of the talc are tare and are not dutiable by weight. The weight of such coverings does not become a factor in the ascertainment of the unit value of the talc. As the collector must break down the unit value returned by the appraiser by deducting nondutiable charges, he must also break it down to obtain the value of the talc upon the basis of the net weight. In so doing, the weight of the coverings must be excluded.

In the case of *United States* v. *Hirsch, Stein & Co.*, 8 Ct. Cust. Appls. 121, T. D. 37226, the court had before it the proper duty to be applied to an importation of sheet glue, packed in bags. It was conceded to be dutiable under paragraph 34, Tariff Act of 1913, at 1 cent per pound if "valued not above 10 cents per pound" and at 15 per centum ad valorem if "valued above 10 cents per pound and not above 25 cents per pound." The importers purchased the merchandise at a gross price, in its packed condition, and the weight of the bags was duly reported by the United States weigher. The appraiser approved the entered value. The gross weight of the glue and bags was 21,977 pounds. The net weight of the glue was 21,527 pounds. The tare of the bags, etc., was reported as 450 pounds. The total dutiable value of the importation, including both the glue and the bags, was $2,171. In obtaining the value per pound, the collector divided the total dutiable value by the net weight of the glue, thus finding it to be worth more than 10 cents per pound. The importers contended that the total dutiable value, including both the glue and the bags, should be divided by the gross weight in pounds in order to determine the value of the glue per pound, which would fix the value at less than 10 cents per pound. The court, following in principle the case of *United States* v. *Franklyn*, 4 Ct. Cust. Appls. 54, T. D. 33306, involving the duty upon cement, held as follows:

* * * If, therefore, the value of cement per ton be properly ascertainable for purposes of such a classification by dividing the net weight in tons into the total dutiable value of the importation, it must equally be true that the value of the present glue per pound should similarly be ascertained by dividing its net weight in pounds into the total dutiable value of the importation.

*We think that this rule is not affected in any case by the mere form of the invoice or entry.* [Italics not quoted.]

The cases relied upon by the importer are not in point. The case of *Saxonville Mills* v. *Russell*, 21 Fed. Cas. 595, case No. 12,413, involved the weight of wool in bales composed of green hides. Although the duties were regulated by the value of the merchandise, that case is not controlling here. The importation there was made under the Tariff Act of 1867. The definition of value under that act was entirely different from the present definition of value. The wool paragraph, under which that merchandise was assessed, contained a definition of the value to be used as:

* * * the value thereof at the last port whence exported to the United States, excluding charges in such port * * *.

The case of *United States* v. *Stegemann*, 12 Ct. Cust. Appls. 198, T. D. 40179, involved gelatin in sheets, dutiable according to the value per pound. The appraiser reported that the value of the merchandise did not exceed 25 cents per pound. The collector disregarded that appraisement and determined the classification upon the basis of an independent calculation of his own at a higher unit of value which he obtained by multiplying the gross weight by 25 cents per pound and dividing the gross value by the net weight, thus increasing the unit value to a value which was greater than 25 cents per pound. In the situation before us, the importer urges that the collector should have disregarded the law and by an independent calculation find a value which would work out to be lower than that returned by the appraiser.

In *United States* v. *Dorn*, 13 Ct. Cust. Appls. 130, T. D. 40961, certain woolen fabrics were dutiable according to their value per pound. The lower court had held (T. D. 40446) that the *value* of the containers should not have been included in the value per pound of wool cloth in determining whether the merchandise was worth 80 cents per pound or more than 80 cents per pound. The appellate court, however, reversed the lower court, stating that the only thing the collector could do—

* * * was to ascertain the value per pound of the fabrics by dividing the number representing appraised value thereof, $723.20, by the number representing the net pounds of the importation. This he did and thereby it was ascertained that the value per pound was more than 80 cents. Upon that basis he assessed the specific and ad valorem rates provided in paragraph 1109.

That case involved the *value* of the containers, not the *weight* thereof, as in the case here before us, and therefore is not in point.

The case of *Erik Enequist*, T. D. 23553, G. A. 5085, also is not in point here. The price per ton of crude antimony in that case was multiplied by the net weight and extended on the invoice. Such invoice value was passed as correct by the appraiser. Duty, however, was assessed upon a value found by a multiplication of the

invoice value and the gross weight. The court, in holding that the collector was in error, stated:

\* \* \* If he thought the invoice value too low, he should have applied for a reappraisement. He erred in supposing, as he seems to have done, that, because the value of the coverings was not separately specified in the invoice, no duty would be assessed upon them, if an allowance were made for tare. By including the weight of the coverings in the total weight, the collector in effect appraised them which he could not legally do, and at a value equal to that of both merchandise and coverings.

The opposite situation is before us in this case. The importer desires the court to hold that the collector should appraise the coverings, which would be the effect if he included the weight thereof in the weight of the merchandise to be divided into the total value to determine the *per se* value per ton. See *Bel Paese Sales Co., Inc.* v. *United States*, 15 Cust. Ct. 7, C. D. 932, where this court held, as stated in the headnote, as follows:

Whether or not the value upon which duty is assessable has been correctly determined on liquidation is easily and simply tested by dividing the total dutiable value of the cheese, packed, by the net landed weight of the cheese, exclusive of the weight of the inedible coverings. The quotient will be the unit value of the cheese. If such quotient coincides with the appraised value per unit, the total dutiable value is established as having been correctly determined.

The invoiced and entered total value includes various costs of nondutiable charges and the dutiable costs of telegrams and bag containers, and also additions on entry made by the importer. When the included nondutiable charges are deducted from such total, the sum remaining represents, as defined in section 402:

\* \* \* the price \* \* \* plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States \* \* \*.

As far as we are able to ascertain from the agreed statement of facts and the admissions of plaintiff, the collector followed the law in arriving at the value in units of a ton of 2,240 pounds, and his action not having been established to be erroneous, is presumptively correct.

Judgment will therefore be entered in favor of the Government.