MAY 29, 1946

No. 51180.—

——Protest 107496–K of Whittaker, Clark & Daniels, Inc., C. D. 985. Plaintiff's application for rehearing denied, as follows:

KEEFE, Judge: The plaintiff moved for a rehearing upon the sole ground that "the ends of justice may be served." It is contended that this court when rendering its decision, C. D. 985, was under a misconception of the legal effect of an appraisement made upon the basis of "gross weight for net weight," and further, that the court failed to give due consideration to certain of the stipulated facts

in its holding that the quantity of net weight returned by the United States weigher is the only quantity upon which duties lawfully may be based, and that such holding constituted legal error for the following reasons: First, that the appraisement was made at a price based on a unit of 2,000 pounds of gross weight; second, that the collector computed the total dutiable value on the basis of the gross weight, to wit, the landed weight of talc, including the weight of the paper bag coverings, and made no deduction for tare of the paper bags from the gross landed weight in computing the total dutiable value of the shipment; and third, that in its decision the court's statement that—

The weight of such coverings does not become a factor in the ascertainment of the total value of the talc.

is contrary to the agreed facts.

The gist of plaintiff's argument is stated in the motion for rehearing, as follows:

As the final appraised value of the talc in bags here in question was returned on the basis of gross weight for net weight, and, as gross landed weight was the correct legal basis of the total dutiable value as computed by the collector, the gross landed weight is the only legal basis permissible to ascertain the per se dutiable value per ton of the talc, in the determination of the rate of duty applicable thereto.   [Page 7.]

\*      \*      \*      \*      \*      \*      \*

\* \* \* In other words, when gross weight is the basis for computing total dutiable value of merchandise, gross weight must also be the basis for computing the per se dutiable unit value of that merchandise.   Any other method of finding a per se dutiable unit value in such case is erroneous legally, as well as mathematically.   [Page 8.]

The plaintiff persistently maintains that the issue here is identical with the issue in *United States* v. *Stegemann*, 12 Ct. Cust. Appls. 198, T. D. 40179, and, as maintained in arguments before this court, that the rate of duty must be determined in accordance with the final appraised value under the express provisions of section 503 (c), Tariff Act of 1930, since the talc is classifiable at a rate of duty based upon its value per ton.   In this connection counsel for the plaintiff argues that article 823 (d), Customs Regulation of 1937, as amended by T. D. 49658, sustains plaintiff's contention as having been accepted by the Treasury Department.   The article provides:

Where goods are subject to an ad valorem rate of duty and it appears from the invoice, bill of lading or other source of information that the merchandise was bought on the basis of the gross weight or quantity, the appraiser's report should show whether the appraisement was made on the basis of the gross or net weight or quantity, and *the liquidation should be made upon the same basis as that upon which the appraisement was made.*   [Italics not quoted.]

We are not in agreement with the plaintiff's contention for the sole reason that counsel for the plaintiff has misconstrued the effect of an appraisement made on the basis of gross weight for net weight.   We believe we made this sufficiently clear in our decision where we pointed out that the· *Stegemann* case was not the same as the issue here, and that the instant controversy and *United States* v. *Hirsch, Stein & Co.*, 8 Ct. Cust. Appls. 121, T. D. 37226, presented the same questions.

In the *Stegemann* case, *supra*, the appraiser reported that gelatin was valued at above 10 cents per pound but not above 25 cents per pound.   Irrespective of the fact that there was no indication of the appraiser having returned a "gross for net" unit value, the collector, in order to find the total dutiable value, multiplied the gross weight by the maximum unit of value found by the appraiser. Instead of accepting the appraiser's return of unit value as governing the rate of duty to be applied, he proceeded to find a unit value calculated from his own

incorrectly derived total value, to wit, by dividing the same by the net weight of the goods.

In *United States* v. *Hirsch, Stein & Co., supra,* our appellate court, among other claims, noted in its decision that the protest claimed—

(4) That said glue is invoiced, bought, and sold upon the basis of gross weight, or "gross for net," and that the value per pound, ascertained by dividing the total dutiable value by gross weight as returned by the United States weigher, is not over 10 cents per pound.

That is exactly the claim in this case, to wit, that since the collector ascertained the total dutiable value on the basis of the gross landed weight in units of 2,000 pounds, the unit value per ton for rate purposes must be ascertained upon the same basis of weight.

Our appellate court in reversing the Board of General Appraisers in that case clearly stated the rule to be used, as follows:

* * * the value of the present glue per pound should * * * be ascertained by dividing its net weight in pounds into the total dutiable value of the importation.

We think that this rule is not affected in any case by the mere form of the invoice or entry.

In *Francklyn* v. *United States,* T. D. 32378 (G. A. 7346), it was claimed that in determining the value of cement as ascertained for the purpose of fixing the rate of duty, the value of the containers should be excluded. If, however, the value of the containers were included in the value of the cement, the gross weight of the cement, including the barrels, should be taken in order to determine the value of the cement per ton. Our appellate court reversed the Board of General Appraisers in *United States* v. *Francklyn,* 4 Ct. Cust. Appls. 54, T. D. 33306, stating that the proper divisor to be used in ascertaining the rate would be the weight of the cement and that it was not permissible to add thereto the weight of the coverings.

In appraising merchandise on the basis of "gross for net" the unit value returned by the appraiser, as pointed out in our decision, is not the unit value of the talc *per se.* Such appraisal indicates that the unit value so returned shall be taken to be the value only in the event that such total quantity of the merchandise as includes the weight of the coverings is used to determine the total dutiable value. Naturally then, if any other quantity, such as the net *per se* quantity of goods imported were multiplied by the unit value, the total value thus derived would not fairly reflect the unit returned by the appraiser. If the appraiser had returned a unit value upon the basis of net weight, in order to obtain the same total dutiable value for the shipment, to wit $842, he would have to return a higher unit value, as shown in our decision, than when based upon "gross for net."

Plaintiff's argument that article 823 (*d*) of the customs regulations indicates the Treasury Department's agreement with the views presented is without merit. The article merely directs the appraisers to show whether or not the appraisement is made upon the basis at which the merchandise is bought and sold, whether gross for net or otherwise, and that collectors in figuring the total dutiable value should be careful to use the same basis. The article does not direct that collectors shall use such basis when determining the rate of duty.

The contention of the plaintiff that this court made a statement contrary to the stipulated facts when it stated that "The weight of such coverings does not become a factor in the ascertainment of the total value of the talc" appears to have been well taken. The court was discussing the *per se* unit value of the talc, as such was increased under the method of appraisement from $24.50 to $24.998. It is clear that the word "total" was inadvertently used instead of the word "unit." This

is evident from the concluding sentences of the paragraph containing the erroneous statement, which read:

\* \* \* As the collector must break down the unit value returned by the appraiser by deducting nondutiable charges, he must also break it down to obtain the value of the talc upon the basis of the net weight. In so doing, the weight of the coverings must be excluded.

The inadvertent use of the word "total" for "unit" did not affect the result. We also adhere to our view that the tariff ton is a ton of 2,240 pounds, known as the long ton.

For the reasons stated, it is hereby *ordered* that the said motion be and the same hereby is denied.