(C. D. 690)

Joseph Schmidt, Inc. *v.* United States

United States Customs Court, Third Division

(Decided October 14, 1942)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

Before Cline, Keefe, and Ekwall, Judges

Ekwall, Judge: This is a suit against the United States in which the plaintiff seeks to recover money paid as customs duties on an importation of small papier-mâché figures, described in the testimony as "crib figures, Bethlehem sets," being representations of both human and animal forms used at the Christmas season under Christmas trees. The set also included wooden stables which are not involved in this suit. The collector of customs assessed regular duty upon the papier-mâché figures at the rate of 25 per centum ad valorem under paragraph 1403 of the Tariff Act of 1930, as manufactures in chief value of papier-mâché. This was in conformity with the holding in Abstract 24166. In addition to the regular duty there was assessed a countervailing duty amounting to $119.64, by reason of a proclamation of the Secretary of the Treasury (T. D. 48360, 69 Treas. Dec. 1008), promulgated under authority of section 303 of the Tariff Act of 1930. The pleadings do not challenge the correctness of the assessment of regular duty but it is claimed that the merchandise is not subject to countervailing duty.

T. D. 48360, *supra*, is an instruction to collectors and others to suspend liquidation of entries covering certain merchandise pending the declaration of the amount of countervailing duty to be collected thereon. Among the articles subject to such duty are "toys, dolls, and toy figures."

From the testimony of the Government examiner of this type of merchandise at the port of entry, the statements of counsel at the trial, and a letter from the Commissioner of Customs to the importer,

received in evidence as exhibit 1, it appears that the Bureau of Customs considered that for countervailing duty purposes under said T. D. 48360, these figures are toy figures, although for purposes of classification for regular duty they are not assessable under the provision for "toys" in paragraph 1513, but as manufactures in chief value of papier-mâché under paragraph 1403.

Paragraph 1403, *supra*, insofar as applicable, provides for

* * * manufactures of papier-mâché, not specially provided for, 25 per centum ad valorem; * * *.

Paragraph 1513 of the same law, in effect at the time of the entry of this merchandise, after providing for dolls and toys of various kinds therein described, reads as follows:

* * * and all other toys, and parts of toys, not specially provided for, 70 per centum ad valorem. As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

It has been held that the classification of the collector carries with it a presumption that he found all the necessary facts to enable him to classify the goods as he did. *United States* v. *Hillier's Son Co.*, 16 Ct. Cust. Appls. 103, T. D. 42762; *United States* v. *Sandoz Chemical Works*, ibid. 392, T. D. 43119; *United States* v. *Fenton Co.*, ibid. 418, T. D. 43134; *Wo & Co.* v. *United States*, 15 Ct. Cust. Appls. 337, T. D. 42494; *United States* v. *Barker Bros. et al.*, 17 Ct. Cust. Appls. 6, T. D. 43310. Therefore he must have found that these figures are not "toys" as that term is defined in paragraph 1513, *supra*.

The tariff act limits the term "toy" only insofar as used in said paragraph 1513 and for the purpose of the assessment of regular duty thereunder. The collector, in view of that limitation, has found that these figures are not "toys." At the time of this importation, which took place in October, 1936, there was no provision for "toy figures" in the act. The word "toy" when used as an adjective is defined in Funk & Wagnall's Standard Dictionary as follows:

*toy*, *a*. Resembling a toy; fitter to play with than to use; hence, of miniature size or character.

Webster's New International Dictionary defines the term in the following language:

*toy*, *adj*. Of the nature of, or made as, a toy; as, a *toy* chair, automobile,. or soldier; also, toy-like; suitable only as a toy; diminutive, unsubstantial, etc.; as, to live in a *toy* house.

Under these definitions we are unable to find that the instant figures could be included within the term "toy figures," in that the collector's classification for regular duties carries with it the pre-

sumption that they do not resemble toys in use, are not fitter to play with than to use, are not of the nature of a toy, and are not suitable for use only as a toy. The only portion of the above definitions which would be applicable would be the synonyms, "diminutive, unsubstantial," and the phrase "of miniature size or character." From the example given, viz, "as, to live in a *toy* house," it would seem that such use is figurative. Certainly the figurative use of a word can have no bearing upon the construction of terms used by the Secretary of the Treasury in describing the articles upon which countervailing duty is to be assessed.

We therefore hold that the figures involved are not subject to the assessment of countervailing duty, and sustain plaintiff's claim.

Judgment will be rendered accordingly.