No. 48019.—Protest 960865–G of Butler Bros. (Baltimore).

Opinion by KEEFE, J. In accordance with stipulation of counsel that the merchandise in question is the same as that the subject of *Butler Brothers* v. *United States* (4 Cust. Ct. 120, C. D. 303) the claim at 25 percent under paragraph 210 was sustained.

No. 48020.—Protest 93133–K of Abouchar & Co. (New York).

Opinion by KEEFE, J. When the case was called for trial the importer failed to appear but submitted the protest on the record before the court. Following *Borgfeldt* v. *United States* (11 Ct. Cust. Appls. 421, T. D. 39433) it was held that the affidavits in question filed with the collector were insufficient to make a *prima facie* case showing nonimportation. The protest was therefore overruled.

No. 48021.—Protest 67212–K of Rohner, Gehrig & Co., Inc. (New York).

Opinion by KEEFE, J. Two reports of the collector were received in evidence at the hearing but no testimony was introduced. It appeared that the certificate of outward manifest (Form 4467) required by article 397 (3), Customs Regulations of 1937, was not furnished prior to liquidation and therefore the collector assessed duty. It is now conceded that the collector is satisfied that the goods were of domestic origin and that no drawback had been paid, and that had the 90 days not expired he would have been willing to waive the evidence of exportation under article 398. In view of all the official papers in the record and Abstract 47521 the radio equipment was held entitled to free entry under paragraph 1615 as American goods returned, as claimed.

No. 48022.—Protests 979317–G, etc., of Schall & Co. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel which states these figures are not toys within the provisions of paragraph 1513 and that they are similar to the merchandise the subject of *Joseph Schmidt, Inc.* v. *United States* (9 Cust. Ct. 188, C. D. 690) it was held that the merchandise in question is not subject to countervailing duty.