No. 48109.—Protests 888861–G, etc., of Eurasia Import Co. (New York).

Opinion by TILSON, J.   Following *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218) the protests were sustained as to this item.

BEFORE THE THIRD DIVISION, MARCH 17, 1943

No. 48110.—Protests 971474–G, etc., of B. Shackman & Co. (New York).

Opinion by EKWALL, J.   Following *Schmidt* v. *United States* (9 Cust. Ct. 188, C. D. 690) it was held that countervailing duty under section 303 is not applicable to the merchandise covered by stipulation of counsel.

No. 48111.—Protest 63552–K of General Hide & Skin Corp. (New York).

Opinion by EKWALL, J.   No testimony was produced and the case was submitted on the official papers and a memorandum filed by the collector.   It was stipulated by counsel that the facts set forth in said memorandum are true and correct.   It appeared from these papers that 5 months after the goods had been appraised the customs brokers for the importer requested that the amount of the freight charges be deducted from the entered value.   The collector called upon the appraiser to clarify his appraisement, in response to which the appraiser reported: "The correct dutiable value of this mdse. is 12½¢ lb. less ocean freight ($211.52)." This appraisement, however, was found to be contrary to the original appraisement as shown by the summary sheet, which is checked to indicate the entered value correct.   It has been held that there can be but one appraisement by the appraiser and that he cannot modify, reconsider, or amend his appraisement after it has been filed with the collector.   *James Loudon & Co.* v. *United States* (Reap. Dec. 4044); *United States* v. *Bennett* (2 Ct. Cust. Appls. 249, T. D. 31975); *Ringk* v. *United States* (12 Ct. Cust. Appls. 40, T. D. 39980); *United States* v. *Dorn & Co.* (13 Ct. Cust. Appls. 130, T. D. 40961).   In the case at bar the appraisement was completed on September 17, 1940, when the appraiser checked the entered value as correct.   The importer did not appeal to reappraisement from that appraisement and it therefore became final.   There is no evidence here as to the intention of the person who made the entry as to whether a clerical error was made.   *McQuillan* v. *United States* (18 C. C. P. A. 215, T. D: 44401) cited. Upon the record presented it was held the plaintiff has failed to sustain the burden of proof.   The protest was therefore overruled.