**No. 48597.**—Protests 35019–K, etc., of Antolini & Co. et al. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of cheese similar to that involved in *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706). In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of certain of the cheese, and that an allowance of 1 percent should have been made in the weight of certain other cheese to compensate for the weight of the foreign substances. The protests were sustained in accordance with said stipulation.

**No. 48598.**—Protests 981582–G, etc., of A. Newberg, Inc. (New York).

Opinion by EKWALL, J. It was stipulated that the merchandise in question consists of miniature figures representing both human and animal forms, none of which is a toy. Following *Schmidt* v. *United States* (9 Cust. Ct. 188, C. D. 690) the protests were sustained.

**No. 48599.**—Protest 30036–K of Fung Chong & Co. (San Francisco).

Opinion by EKWALL, J. It was stipulated by counsel that the Chinese medicinal wines in question are the same in all material respects as those involved in *Wing Duck Co.* v. *United States* (6 Cust. Ct. 133, C. D. 446), which record was incorporated herein. In accordance therewith it was held that the internal revenue tax was not applicable to the merchandise as set forth in the stipulation. The protest was therefore sustained to that extent.

BEFORE THE SECOND DIVISION, JULY 29, 1943

**No. 48600.**—Protests 847483–G, etc., of Katz Berk Hat Body Corp. (New York).

Opinion by TILSON, J. The record established that certain of the items consist of hats composed of manila hemp similar to those involved in *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218). In accordance therewith the claim at 25 percent under paragraph 1504 (b) (1) was sustained.