**No. 51162.**—Protest 952589–G of S. S. Kresge Co. (Baltimore).

Opinion by EKWALL, J. In accordance with stipulation of counsel and following *Joseph Schmidt, Inc.* v. *United States* (9 Cust. Ct. 188, C. D. 690), the merchandise in question was held not subject to countervailing duty.

**No. 51163.**—Protest 53439–K of B. Forman Co. (Rochester).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 51164.**—Protests 54035–K, etc., of Alex Laufer & Son, Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 51165.**—Protests 952586–G, etc., of S. S. Kresge Co. et al. (Baltimore, etc.).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, MAY 27, 1946

**No. 51166.**—Petitions 6341–R, etc., of Sears Roebuck & Co. (Los Angeles).

Opinion by EKWALL, J. From the testimony of the appraiser at the port of entry and the admissions of counsel for the Government it appeared that the customs broker for the importer, in making entry, overlooked a column on the invoice which set forth a higher value on the date of exportation than the invoice price. This item was also overlooked by the examiner. From the entire record