BEFORE THE THIRD DIVISION, MARCH 6, 1951

**No. 55306.**—Tuck High & Co. *v.* United States, protest 145796–K·(New York).

EKWALL, Judge:   Plaintiff in this case claims that duty was assessed upon an importation of thin soy upon a value higher than the entered value.   At the hearing and in the brief the claim is stated to be "against the decision of the Collector for 'his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry.' "   The error complained of appears on the invoice in connection with casks 39/48 of thin soy invoiced at a unit price of 825 Hong Kong dollars per 100 pounds, which is carried out in the extension as 1,100 Hong Kong dollars.   In liquidation, the liquidator changed the extension to 10,862.50 Hong Kong dollars to reflect the total on the basis of the entered and appraised unit price of 825 Hong Kong dollars.

On behalf of the Government it is claimed that clerical error has not been properly alleged or proven and that the claim made in the protest "that duty was assessed upon a greater value than entered or appraised" is not sufficient to include a claim of clerical error.   We find the protest sufficient to include the latter claim although it is not expressly set forth therein.

Plaintiff introduced the testimony of the examiner of this merchandise, Mr. Lewis.   He testified that a red-ink notation on page 3 of the invoice under the item in question was made under his direction.   Said notation reads:

> Extension correct
> Unit value in
> error    Should read
> 82.50   per   100 lbs.

He further testified that he appraised this item at 82.50 Hong Kong dollars per 100 pounds; that the entered unit price of 825 Hong Kong dollars was not correctly reflected in the extension.   An inspection of the official papers discloses that this notation apparently was made long after the appraisement, for we find a memorandum accompanying the invoice, dated in November 1948, in which the collector directs an inquiry to the appraiser requesting information as to whether the unit of appraisement was "82.50 per 100 lbs. or 825.00 per 100 lbs." as to the item in suit.   On the same sheet, we find the appraiser's answer under date of December 1, 1948, that the extension is correct and that the unit value is in error and should read 82.50 per 100 pounds.   The summary of entered value was approved March 14, 1947, a year and 9 months prior to the appraiser's answer to the collector's inquiry.   The red-ink check mark under the column "Appraised" indicates that the merchandise was appraised as entered.   The appraiser is required by the statute to appraise merchandise in the "unit of quantity in which the merchandise is usually bought and sold."   (Section 500, Tariff Act of 1930.)   So far as the record shows this merchandise was appraised

at a unit value of 825 Hong Kong dollars per 100 pounds. It is well settled that. an appraisement is complete and subject to no further change when it has been physically transmitted to and lodged with the collector. *Igstaedter & Co.* v. *United States,* 11 Ct. Cust. Appls. 477, T. D. 39570; *Ringk & Co.* v. *United States,* 12 Ct. Cust. Appls. 40, T. D. 39980; *United States* v. *Dorn & Co.,* 13 Ct. Cust. Appls. 130, T. D. 40961; *F. W. Myers & Co.* v. *United States,* 36 Treas. Dec. 194, T. D. 37934; *Ainslee Knitting Machine Co., Inc.* v. *United States,* 69 Treas. Dec. 954, T. D. 48339; *General Hide & Skin Corp.* v. *United States,* 10 Cust. Ct. 420, Abstract 48111.

Clerical error has been consistently held to be a matter of intention. *J. J. McQuillan* v. *United States,* 18 C. C. P. A. (Customs) 215, T. D. 44401. The record is lacking in evidence as to how the mistake in the invoice occurred. The only evidence as to the mistake consisted of the testimony of a member of the plaintiff company who stated that he turned the consular invoice over to his customs broker for the purpose of making entry; that the broker always entered at the total figures; that the first knowledge the witness had of the mistake was at the time he received a notice of additional duties due.

The entered value of merchandise is its unit value and where entry is made at a certain unit price but through an error in multiplication was extended at too large a figure, it has been held that the entered value which was binding upon the importer was the unit value and not the total value as extended. *United States* v. *Woodward-Newhouse Co.,* 11 Ct. Cust. Appls. 284, T. D. 39100. See also *Igstaedter* v. *United States, supra.*

In the case of *Bienenfeld Glass Works, Inc.* v. *United States,* 3 Cust. Ct. 340, Abstract 41876, the court held that as it was not shown how the error occurred, what the intent of the importer was, or that the error was made by one upon whom no duty devolved to exercise original thought or judgment, a claim of clerical error could not be sustained. Citing *Yamada* v. *United States,* 26 C. C. P. A. (Customs) 89, T. D. 49628, and *McQuillan* v. *United States, supra.*

Upon the record we find that the plaintiff has failed to sustain its burden of proof. The claim is therefore overruled.

Judgment will be rendered accordingly.