BEFORE THE THIRD DIVISION

MARCH 3, 1964

No. 68339.—Phillips Petroleum Company v. United States, protest 58/10534

DONLON, Judge: Plaintiff has moved the court for leave to amend its protest. The protest is against the refusal of the collector to reliquidate certain entries to correct an alleged clerical error, mistake of fact, or other inadvertence on plaintiff's part in stating the merchandise value in the entry papers. The amendment sought is a claim to duty-free classification.

The merchandise was entered for consumption at Houston on September 12, and 25, 1956. The entries were liquidated January 21, 1957. Such liquidation became final March 22, 1957. It would appear that the alleged clerical error was brought to the collector's notice on September 6, 1957. (Both parties, in their briefs, so state.) The collector's refusal to reliquidate to correct the claimed error is alleged to have occurred on September 17, 1957. Protest against his refusal to reliquidate was dated November 14, 1957, but the date when it was filed with the Galveston collector is not shown. However, in transmitting the protest to the court under date of April 28, 1958 (received and filed in the court on May 12, 1958), the collector stated that the protest was received within the statutory period.

The issue which the protest presented is that through "clerical error, mistake of fact or other inadvertence in preparation of both entries, the $171.60 per long ton figure was taken for the home consumption price, and after deducting non-dutiable charges from the invoice price, the entered value was raised to equal the unit price stated in column 11. The effect of such action was to include harbor charges and ocean freight as a part of the entered value. Liquidation of both entries was based upon the erroneous net values set out in the entries. Upon a reliquidation of both entries based upon correct values, protestant will be entitled to refunds for duties erroneously paid."

The protest could hardly be more correctly specific. No allegation is made that any determination of the collector, appropriate to liquidation, was erroneous. Rather, the situation, as indicated in the protest, is that plaintiff made an error which led to erroneous appraisement, and that the appraisement became final, no appeal having been taken as the statute permits. Appraisement having thus become final, the collector had no alternative save to liquidate on the basis of the appraisement. Plaintiff had no ground, it appears, to protest the collector's liquidation, and indeed asserts none.

However, section 520 (19 U.S.C., § 1520) gives a different remedy, available where there is claim to clerical error, even when the error is on the part of the importer and with respect to an appraisement that has become final. Neither section 520 nor section 514 reopens a liquidation, on such facts. Whether or not there was the alleged clerical error, correction of which, and for that only, the collector should have acceded to the importer's request for reliquidation, is the sole issue raised.

Congress thereafter enacted a statute, effective August 14, 1958 (Public Law 85-645), which amended paragraph 1670(b), Tariff Act of 1930, to grant free entry to certain merchandise, including the merchandise of this protest, and made the new tariff classification applicable to articles "covered by entries or withdrawals which have not been liquidated or *the liquidation of which has not become final on such date of enactment*," that is, on August 14, 1958. [Emphasis supplied.]

For purposes of the pending motion, facts shown in the protest and official papers are taken as true.

Judgment on plaintiff's protest against the collector's refusal to reliquidate the entries to correct the alleged clerical error had not been entered on August 14, 1958. Indeed, plaintiff has not yet brought its protest to trial.

There is no question that the court has discretion to determine whether a protest amendment, raising a new classification issue, may be permitted in a case where the original protest is against the liquidation. We have no discretion to permit amendment that would protest liquidation, after the statutory period has run during which liquidation may be protested. In *Norman G. Jensen, Inc.* v. *United States*, 48 Cust. Ct. 304, Abstract 66357, and *F. W. Myers & Co., Inc.* v. *United States*, 47 Cust. Ct. 358, Abstract 66197, where Congress had enacted legislation granting new tariff classification, the protests which were amended were protests against the liquidation, raising a classification issue.

*J. Honig* v. *United States*, 16 Cust. Ct. 276, Abstract 51091, was a case in which, as here, liquidation had not been protested. We held that a classification claim could not be raised by amendment to a protest based on clerical error. As Judge Ekwall said, "To allow an amendment in the form of a classification claim to such a protest would nullify the statute of limitations in section 514. . . ." It is obvious that claim to free entry, here sought, is a classification claim.

Plaintiff asserts that liquidation had not become final on August 14, 1958, the date of enactment of Public Law 85–645. We think the law is otherwise. Liquidation had become final, under the express provision of section 514, not having been timely protested. All that is before us is a protest, not against liquidation, but against the refusal of the collector to *reliquidate* to correct an alleged clerical error on plaintiff's part in entering its merchandise.

The motion to amend is denied. It is so ordered.

DISSENTING OPINION

RICHARDSON, Judge: In my opinion, the pending protest against the collector's refusal to reliquidate for clerical error is amendable by the addition thereto of a claim for free entry of the subject merchandise, based upon a statutory right created more than 60 days after liquidation of the involved entries. It is established in the record, and is conceded by the Government, that the instant protest was timely filed. And, as the majority opinion indicates, the issue raised in the protest has not yet been tried. Consequently, all that the involved statute, Public Law 85–645, requires to be applicable to the case at bar while it is in this posture, is that the liquidation be not final.

Under the facts of record, liquidation of the subject entries has not become final. Even though the pending protest concerns itself solely with the propriety of a reliquidation, nevertheless, if the protestant is successful in the establishment of its original claim, the ensuing reliquidation will supersede the collector's original liquidation. (See *United States* v. *Parkhurst & Co. et al.*, 12 Ct. Cust. Appls. 370, T.D. 40522; *Hudson Fwdg. & Shipping Co.* v. *United States*, 63 Treas. Dec. 819, T.D. 46389.) The timely filing of a protest against a collector's refusal to reliquidate is tantamount to a reopening of the liquidation or a suspension of its finality until the protest against the refusal to reliquidate is disposed of, inasmuch as the subject matter to be considered and ruled upon is something that occurred prior to the liquidation. When the entries of the imported merchandise are in this posture and a statute is enacted which extends the duty-free entry privilege to such merchandise, provided the liquidation has not become final on the date of enactment, the owner of such merchandise is a beneficiary of the statute.

In my judgment, the majority's view that the involved liquidation had become final creates an anomaly in the law because, at the same time, it recognizes the availability and pursuit by the protestant of a judicial remedy by means of which, if it is successful, it could effect a modification of this liquidation.

If a correction of error is to be meaningful, it would require disturbing the original liquidation, which 19 U.S.C.A., section 1520 (section 520, Tariff Act of 1930), permits. No case has been cited to us which holds that a liquidation can be at once conclusive, and also subject to modification in pending judicial proceedings. The case of *J. Honig* v. *United States*, 16 Cust. Ct. 276, Abstract 51091, which is cited in the majority opinion, does not address itself to the question of the finality of a liquidation during the pendency of a *valid* protest against the collector's refusal to reliquidate to correct a clerical error.

In the *Honig* case, the court stated that "Although the claim set forth in that protest is termed clerical error it is clearly a protest against the collector's classification," and, thus, *not a valid* section 1520 protest. In this case, the majority concedes that the plaintiff's papers on their face do make a claim for clerical error under section 1520. Also, in the *Honig* case, the plaintiff sought to amend his protest to include a claim which was available to him, but not asserted, within the 60 days from the date of liquidation, and was thus barred by the limitations provided in the statute (19 U.S.C.A., section 1514; Tariff Act of 1930) from asserting it subsequently by an original protest or an amendment of a protest; while, in this case, the requested permission to amend seeks to assert a claim which was not available to plaintiff within the 60 days from the date of liquidation and on which the limitations of the statute (section 1514) could not operate. In enacting section 1514, Congress did not bar itself from subsequently providing an exception, as it did in section 1520, and as it did in this case in Public Law 85–645.

The case of *Norman G. Jensen, Inc.* v. *United States*, 48 Cust. Ct. 304, Abstract 66357, which is also cited in the majority opinion, does not enhance or support the view that the liquidation at bar has become final. In the *Jensen* case, we sustained the duty-free status accorded to importations of horsemeat by a statute (Public Law 87–110) which, like the statute here involved, was also enacted after liquidation of the entries, and which contained retroactive features similar to the statute at bar. The majority single out this case as governing, and consequently limited to, cases where the protest embracing classification issues is directed to the liquidation itself, as distinguished from a refusal of the collector to reliquidate. The fact that the protests in the *Jensen* case were lodged against the liquidation itself is, at best, an incidental circumstance of our decision in that case. No attempt is made, in the *Jensen* case, to delineate between the two types of protests in terms of whether they have or lack the capacity when timely filed to suspend the finality of a liquidation. And, in the matter of remoteness of the subject matter of the statutory enactment from the protest claims, the *Jensen* case parallels the case at bar closely. In the *Jensen* case, the issues which were raised by protest had already been decided by this court adverse to the plaintiff when Public Law 87–110 was enacted. However, because plaintiff, at that time, was pursuing a wholly unrelated judicial remedy for rehearing that was authorized by court rule (rule 6(b), Customs Court rules), pursuant to statute (28 U.S.C.A., § 2640), we permitted amendment of the protests during rehearing to embrace the duty-free claim, newly created by statute, and, subsequently, sustained the protests on the basis of the amended claim during rehearing on the theory that the pendency of the plaintiff's motion for rehearing suspended the finality of the liquidation.

It is apparent that the majority's views on the matter of finality of the liquidation at bar are permeated with a consideration of the statutory limitation contained in section 514, *supra*. In my opinion, section 514, *supra*, constitutes no impediment to the granting of the relief sought by the plaintiff on this

motion. As a general rule, considerable latitude is given to litigants in the Customs Court in the interest of justice in the amendment of pleadings for the proper presentation of claims. *Rule 6(c), Customs Court rules.* Such restrictions as have been imposed upon this privilege have been imposed with a view toward the preservation of statutory limitations of time within which issues may be raised, among other considerations. Thus, an amendment which seeks to add new merchandise to a protest after the expiration of the statutory time to protest will not be allowed. *Marshall Field & Co.* v. *United States*, 20 CCPA 225, T.D. 46037; *W. A. Gleeson* v. *United States*, 1 Cust. Ct. 223, C.D. 50. Nor will an amendment of a protest be permitted by the addition of claims barred by the expiration of the statutory limitation governing the filing of such claims, as where a protest predicated solely upon a claim of clerical error is sought to be amended by the addition of a classification claim having a basis which antedates the liquidation. *J. Honig* v. *United States*, *supra.* In such cases, the amendment sought must be consistent with the singular claim of clerical error that is pleaded in the protest. *Tuck High & Co.* v. *United States*, 26 Cust. Ct. 373, Abstract 55306.

The reason for this is fundamental and clear. The purpose of the statutory limitation on litigable issues under section 514, *supra*, is to put an end to lawsuits over claims which could have been decided had seasonable measures been taken by aggrieved parties in accordance with the statute to bring them before the court. Such a purpose is fulfilled in the holding in cases like the *Honig* case. However, the facts of the case at bar do not offend against this rather salutary purpose underlying the limitations set up in section 514, *supra*. The claim which is the subject of the proposed amendment at bar was not a justiciable claim at or prior to the expiration of the statutory limitation here involved, because the rights on which the plaintiff's proposed amended claim for free entry rests were not created until more than 60 days after liquidation of the subject entries. Consequently, the claim for free entry could never have been intended to be foreclosed by the provisions of section 514, *supra*. It is well-settled law that a statute of limitations runs only against one in whose favor a cause of action exists. *United States ex rel Louisville Cement Co.* v. *Interstate Commerce Commission*, 246 U.S. 638, and cases cited on page 644. I conclude, therefore, that while a protest founded on a claim of clerical error ought not be permitted to be amended by the addition of a classification claim arising from the collector's liquidation and concerning which no timely protest has been filed, such a protest should be allowed to be amended to add claims accruing subsequent to the collector's liquidation and wholly independent of such liquidation, as in the instant case.

Finally, a judicial determination that the involved liquidations have become final, notwithstanding the pendency of customs litigation affecting them, results, in my judgment, in the frustration of the legislative intent to confer a beneficial status upon a particular kind of merchandise where heretofore none existed. From a review of such legislative history as exists in connection with the enactment of Public Law 85-645, it appears that Congress did not intend as a prerequisite to the granting of free-entry status to imports of eucalyptus extracts that there should necessarily be any particular correlation, in terms of customs litigation, between the suspension of liquidation of entries covering such imports and the exemption from duty granted by the statute. Congress' attention was focused elsewhere. Congress was aware of the fact that, prior to the enactment of the statute in question, certain eucalyptus extracts were entitled to temporary free entry, only if their chief use was in the tanning process. There had been a decline in the domestic source of tanning materials

and a threatened shift in the chief-use classification and consequent withdrawal of the free-entry privilege under existing law, as a result of an increased use of eucalyptus extracts in oil-drilling operations. Such factors appear to have motivated Congress to accord temporary free entry to all such imports, irrespective of chief use.[*] This exemption from duty extended not only to such merchandise which passed through customs at designated times subsequent to the date of enactment of the statute, but also, among other things, to merchandise which had previously passed through customs, but which, at the time of the enactment of Public Law 85–645, was still the subject of customs litigation in which a claim for free entry could not then have been properly asserted. It follows, therefore, that if the plaintiff is entitled to press a claim for free entry of its merchandise at all, it is only because, at the time Public Law 85–645 was enacted, plaintiff was pursuing some wholly unrelated and as yet unresolved claim affecting merchandise with which Congress was then concerned; and the question whether the judicial remedy which was plaintiff's vehicle at that time was broadly based or narrowly confined had nothing to do with the matter at all.

For the reasons stated, I would grant plaintiff's motion to amend its protest.

BEFORE THE FIRST DIVISION, MARCH 9, 1964

[*]2 U.S. Cong. & Adm. News, 1958, p. 3529.