BEFORE THE THIRD DIVISION, NOVEMBER 26, 1965

**No. 69632.**—Phillips Petroleum Company *v.* United States, protest 58/10534 (Galveston).

RICHARDSON, Judge: The merchandise involved in the instant protest consists of Myrtan extract which was imported at Houston, Tex., from Australia. It is claimed that the entered value, on the basis of which entry of such merchandise was made, was the product of clerical error, mistake of fact, or other inadvertence. The protest was submitted to the court upon a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between Counsel for the plaintiff and the Assistant Attorney General, attorney for the United States, defendant, as follows:

1. The merchandise imported under Houston Consumption Entries 1613–H, dated September 12, 1956, and 1874–H, dated September 25, 1956, consisted of 20,190 bags (1000.9 net long tons) and 10,320 bags (500 net long tons) of Myrtan extract (an extract of eucalyptus suitable for use for tanning), respectively, assessed with duty on such dates at the rate of 7½% ad valorem under the provisions of paragraph 38, Tariff Act of 1930, as modified.

2. Through mistake of fact or inadvertence the merchandise covered by the two entries was appraised on September 17, 1956, at $171.60 per long ton less inland freight.

3. But for the mistake of fact or inadvertence, the correct appraised value of the merchandise covered by each entry would have been at $150.46 per long ton (2240 pounds per long ton).

4. The entries were liquidated on January 21, 1957, and the importer of record, Phillips Petroleum Company, brought the errors, mistakes, or inadvertences to the attention of the Collector of Customs at the port of Galveston, Texas (custom services), on September 6, 1957 (within one year after the dates of entry and appraisement). On September 17, 1957, the Collector notified the importer that he refused to reliquidate the entries. On November 14, 1957 (within 60 days after the Collector's refusal to reliquidate), the importer filed a timely protest with the Collector under the provisions of Section 514 of the Tariff Act of 1930, as amended, against the Collector's refusal to reliquidate the entries.

5. The official papers comprising the court file be received in evidence, and the protest be submitted on this stipulation.

6. Subject to the approval of this Honorable Court, that the Collector be directed to reliquidate the entries involved, using the figure set out in paragraph numbered 3 above as the final appraised value in each shipment.

7. By entering into this stipulation importer does not waive its claim to duty-free classification which was denied on motion to amend.

Accepting this stipulation as evidence of the facts, we hold that the claim of the plaintiff that, through mistake of fact or inadvertence in the entered value, the involved merchandise was appraised at $171.60 per long ton, less inland freight, instead of at $150.46 per long ton (2,240 pounds per long ton) is sustained. This holding is without prejudice to any rights which plaintiff may hereafter be adjudged to have to amend its protest herein.

Judgment will be entered accordingly.

### CONCURRING OPINION

Donlon, Judge: I concur in finding that appraisement of this merchandise was at the recited higher value because of a clerical error, mistake of fact, or other inadvertence in preparation of the entries, as the protest alleges, and that the collector erred in refusing to reliquidate the entry to correct such error. Likewise, I join in the judgment order directing the relief which the protest prays, namely, correction of that error by a reliquidation limited to such correction, under authority of section 520, Tariff Act of 1930.

The parties have stipulated that: "By entering into this stipulation importer does not waive its claim to duty-free classification which was denied on motion to amend." See *Phillips Petroleum Company* v. *United States*, 52 Cust. Ct. 278, Abstract 68339.

I disassociate myself from so much of Judge Richardson's opinion as rephrases plaintiff's simple reservation of whatever claim it may have to duty-free classification, into a stated reservation of some right of protest amendment.